UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

DANNY DAVIS,

        Plaintiff,

Case No. 1:04-CV-688

v.

Hon. Richard Alan Enslen

CORRECTIONAL MEDICAL
SERVICES, INC., *et al.*,

**PARTIAL JUDGMENT**

        Defendants.

_____/

    This matter is before the Court on Defendants Paula Meyers and Correctional Medical Services, Inc.'s Objections to United States Magistrate Judge Ellen S. Carmody's Report and Recommendation of July 25, 2005. By said Report, the Magistrate Judge recommended the dismissal of certain Defendants and claims, but the retention of others. She also recommended that Plaintiff's motion to supplement the record (Dkt. No. 46) be granted. The Court reviews the Report, Objections and pertinent portions of the record *de novo* under 28 U.S.C. § 636.

    Upon such review, the Court finds that the Report should be adopted and the Objections denied. Defendants' Objections concern two legal matters.[1] The first is the failure of the Magistrate Judge to follow the "total exhaustion rule" described in *Jones Bey v. Johnson*, 407 F.3d 801, 805 (6th Cir. 2005), *i.e.,* the Magistrate Judge earlier determined that claims against all Defendants except Defendant Meyers were not administratively exhausted and has only recommended dismissal

---

[1] Defendants have also objected to the portion of the Report which permitted supplementation of the record. The supplementation of the record was proper for the purpose of having an informed record of the proceedings.

1

of the unexhausted claims. This legal interpretation was not error. The rule stated in *Jones Bey* was invalid under Sixth Circuit Court of Appeals' law because it conflicted with the Circuit's prior published decision in *Hartsfield v. Vidor*, 199 F.3d 305 (6th Cir. 1999). *See Garner v. Unknown Napel*, – F. Supp. 2d –, 2005 WL 1610680 (W.D. Mich. 2005). As such, this argument is unpersuasive.

Defendants' second argument is that Plaintiff has not sufficiently alleged exhaustion of administrative remedies against Defendants Meyers because he did not attach certain grievance paper work to his Complaint and has otherwise failed to plead exhaustion with sufficient particularity.[2] This argument is mistaken too, notwithstanding that the Sixth Circuit does require a degree of particularity in pleading exhaustion. As explained by the Magistrate Judge, Plaintiff's allegations in his Complaint were minimally sufficient to show exhaustion as to Defendant Meyers, though the allegations are somewhat confusing. (*See* Compl. at 5-6.) The subsequently filed paper work then confirms exhaustion of claims against Defendant Meyers as part of Grievance MPF 04-06-0044-012F3 at all three levels of administrative review. The allegations of the Complaint are minimally sufficient to comply with such Sixth Circuit's decisions as *Baxter v. Rose*, 305 F.3d 486, 488-89 (6th Cir. 2002) and *Knuckles-El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000). Although Defendants' reading of the cases does not permit these kinds of allegations of administrative exhaustion, their interpretation is not mandated by either the statute or the case precedent and is contrary to such Sixth Circuit cases as *Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir. 1998) (requiring only attachment of "available" grievance forms, but otherwise permitting allegations as to the exhaustion of

---

[2]The Magistrate Judge concludes that exhaustion has not occurred as to Defendant Correctional Medical Services, Inc., but has occurred as to Defendant Meyers concerning the allegations of Grievance MPF 04-06-0044-012F3. (Report at 5 & 8.)

remedies).³  Defendants' arguments are also contrary to public policy, including an efficient operation of the districts courts, since their interpretation would result in dismissal of previously exhausted suits only to be re-filed.

**THEREFORE, IT IS HEREBY ORDERED** that Defendants' Objections (Dkt. No. 63) are **DENIED**, the Report and Recommendation (Dkt. No. 61) is **ADOPTED**, Plaintiff's motion to supplement the record (Dkt. No. 46) is **GRANTED**, Defendants Meyers and Correctional Medical Services, Inc.'s Motion to Dismiss (Dkt. NO. 34) is **GRANTED IN PART AND DENIED IN PART** in that all claims asserted against them are **DISMISSED WITHOUT PREJUDICE** except for the claims exhausted as part of Grievance MPF 04-06-0044-012F3 against Defendant Meyer only, and Defendants' Beckham, Horton, Kissau, Stearns, Wolfe, and Overton's Motion to Dismiss for Failure to Exhaust (Dkt. No. 47) is **GRANTED** and all said claims are **DISMISSED WITHOUT PREJUDICE**.

DATED in Kalamazoo, MI:  
    August 11, 2005

    /s/ Richard Alan Enslen  
RICHARD ALAN ENSLEN  
UNITED STATES DISTRICT JUDGE

---

³Certain aspects of the Sixth Circuit's treatment of the administrative exhaustion defense have placed it in a distinct minority position versus the other Circuit Courts of Appeals, something itself worthy of notice and discussion. *See Wyatt v. Terhune*, 315 F.3d 1108, 1117 (9th Cir. 2003) (citing cases). The other Circuits have placed the onus of asserting the defense on the Defendants–something which is expeditious because Defendants will typically have access to the exhaustion paperwork which will answer the question of whether the claims have been exhausted.