UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

DANNY DAVIS,

    Plaintiff,

Case No. 1:04-CV-688

v.

Hon. Richard Alan Enslen

CORRECTIONAL MEDICAL SERVICES INC., *et al.*,

    Defendants.

**ORDER**

_____/

    Defendant Paula Meyers has moved for reconsideration of the prior Partial Judgment, which dismissed all claims in the suit except those claims against her (the latter being administratively exhausted, while the former were not). Plaintiff Danny Davis has also filed a "Response"–which has been docketed by the clerk as an objection.

    Plaintiff's objection, if it was intended as such, is reviewed *de novo*. *See* 28 U.S.C. § 636. Plaintiff's position, that the administrative exhaustion requirements do not apply to private parties and corporations which render medical care to state prisoners, is not supported by existing law, including the decision in *Boyd v. Corr. Corp of Am.,* 380 F.3d 989, 994 (6th Cir. 2004). As such, the objection is denied.

    Defendant's Motion for Reconsideration pursuant to Local Civil Rule 7.4(a) asks whether Defendant has demonstrated a "palpable defect" by which the parties and the Court have been misled. The answer to this question is no. The issue has been exhaustively briefed and answered before. The answer has not changed. The Sixth Circuit Court of Appeal's first and binding precedent on the issue is *Hartsfield v. Vidor*, 199 F.3d 305, 309 (1999). That decision is no less

binding even if a single panel later misconstrues its authority. Defendant's counsel does raise one new possibility–the certification of the issue under 28 U.S.C. § 1292(b). This Court's own experience with interlocutory appeals, however, is that the Sixth Circuit wishes to entertain them in rare circumstances and, in cases such as the present one, would prefer to await final judgment before entertaining appeal (which might in any event render this legal issue moot or enlighten a ruling upon it by intervening precedent.). In other words, the Court does not believe that an immediate appeal is likely to "materially advance the ultimate termination of the litigation" and will not so certify.

**THEREFORE, IT IS HEREBY ORDERED** that Plaintiff Danny Davis' Response/objection (Dkt. No. 73) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant Paula Meyers' Motion for Reconsideration (Dkt. No. 72) is **DENIED**.

DATED in Kalamazoo, MI:  
September 29, 2005

 /s/ Richard Alan Enslen  
RICHARD ALAN ENSLEN  
SENIOR UNITED STATES DISTRICT JUDGE