UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

DANNY DAVIS,

          Plaintiff,

v.

CORRECTIONAL MEDICAL SERVICES
INC., *et al.*,

          Defendants.

_____/

Case No. 1:04-CV-688

Hon. Richard Alan Enslen

**<u>JUDGMENT</u>**

     Plaintiff Danny Davis has objected to the August 31, 2006 Report and Recommendation of United States Magistrate Judge Ellen S. Carmody. The Report recommended that summary judgment be granted and Plaintiff's civil rights action be dismissed pursuant to Federal Rule of Civil Procedure 56. This Court now reviews these matters *de novo*. *See* 28 U.S.C. § 636(b)(1)(B).

     Upon such review, the Court concludes that the Report and Recommendation should be adopted. This is an Eighth Amendment/civil rights suit alleging deliberate indifference in the treatment of a herniated disc. In the course of treatment, Plaintiff suffered an accidental overdose of acetaminophen, with serious renal and hepatic complications; Plaintiff attributes his subsequent hospitalization to the denial of appropriate pain medication. The treatment Plaintiff received is explained at length in the Report. The record does not support that Defendant Nurse Practitioner Paula Meyers was deliberately indifferent to known medical needs. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Defendant Meyers provided care, including prescriptions, she deemed appropriate. Questions about the mode of treatment are insufficient to create a genuine issue of fact on an Eighth Amendment claim. *See Sanderfer v. Nichols*, 62 F.3d 151, 154-55 (6th Cir. 1995).

Plaintiff's Objection (in addition to containing his own analysis of the factual record, which the Court does not find persuasive) makes legal arguments on a few separate subjects. First, Plaintiff argues that it was unnecessary for him to file competing medical evidence as to the summary judgment motion because his pleaded allegations themselves should defeat summary judgment. This argument is based on cases from the 1950s and 1960s, which held that an affidavit may not be read to foreclose a genuine issue of material fact under Rule 56 when the complaint sufficiently alleges an actionable injury. Such case law does not represent the present law as to the application of Rule 56. In 1986, the United States Supreme Court held, among other things, that well pled allegations by a non-moving party were insufficient to create a genuine issue of material fact under Rule 56; rather, the non-moving party must make a detailed factual showing of genuine issues of fact by affidavits, certified documents, depositions and like materials. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324-25 (1986). This holding is the settled law of this Circuit. *See Harris v. Gen. Motors Corp.*, 201 F.3d 800, 802 (6th Cir. 2000).

Plaintiff also objects to the grant of summary judgment on the ground that he was prevented from filing supporting evidence because Defendant Meyers failed to comply with a discovery order compelling the production of medical records. The Magistrate Judge previously determined this issue by Order of June 13, 2006. The Magistrate Judge determined that the records sought were not in Defendant's custody or control. (Order of June 13, 2006 at 2.) She also determined that the motion seeking compulsion of the records was untimely. (*Id.* at 1-2.) No timely objections to the Order were filed in accordance with Federal Rule of Civil Procedure 72(a), such that any challenge has been waived. *See Vogel v. U.S. Office Prods. Co.*, 258 F.3d 509, 515 (6th Cir. 2001). Furthermore, even were the Court to reconsider the merits of that ruling, it would not alter the ruling because no sufficient

showing has been made that Plaintiff was denied access to documents within Defendant's custody or control, nor has destruction of documents been proven. It is also inappropriate to delay the grant of summary judgment to allow Plaintiff to request medical documents from third parties, as requested by him, given that Plaintiff has had over two years to obtain the records.

Finally, Plaintiff argues, somewhat persuasively, that the filing of the medical records by Defendant should be ignored because the medical records were not properly certified or otherwise shown to be admissible as required by Rule 56. This is a requirement under Rule 56 which Defendant wrongly ignored. *See Carter v. Western Reserve Psychiatric Habilitation Center*, 767 F.2d 270, 273 n.2 (6th Cir. 1995) (noting requirement). Notwithstanding, the record is nevertheless sufficient to support summary judgment. Defendant Meyers spoke about Plaintiff's treatment and the content of the medical records from her own personal knowledge in her affidavit. (*See* Meyers Aff. ¶ 3.) Though her affidavit does not support the admissibility of the records *per se*, it does sufficiently support Defendant Meyers' main contention that she was not deliberately indifferent.

**THEREFORE, IT IS HEREBY ORDERED** that Plaintiff's Objection (Dkt. No. 106) is **DENIED**, the Report and Recommendation (Dkt. No. 100) is **ADOPTED**, Defendant Meyers' Motion for Summary Judgment (Dkt. No. 92) is **GRANTED**, and all claims against Defendant Meyers are **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that all claims against Defendant Edward Pearson are **DISMISSED WITHOUT PREJUDICE** due to failure to exhaust administrative remedies and failure of service under Fed. R. Civ. P. 4(m).

**IT IS FURTHER ORDERED** that an appeal of this Judgment under 28 U.S.C. § 1915 would be taken in good faith in light of the issues raised and the seriousness of the resulting injuries to Plaintiff.

DATED in Kalamazoo, MI:
    October 10, 2006

            /s/ Richard Alan Enslen
            RICHARD ALAN ENSLEN
            SENIOR UNITED STATES DISTRICT JUDGE

4